# Brennan, Appellant, v. Paxson.

*Sheriff's sale—Execution—Assent to breach—Practice, C. P.*

1. A successful bidder at a sheriff's sale of real estate who is deprived of his purchase by reason of noncompliance with the terms of payment, stated to be due to an alleged verbal extension of the time of payment by the sheriff, cannot recover in damages against the sheriff where it appears that, after his tender of the balance due was refused, as being too late, he gave the sheriff no notice of an intention to hold him to the original agreement, that he made no application to the court to permit the sheriff's return to be amended and the sale confirmed, that he subsequently became a bidder at a later resale of the property, and that he took no steps to enforce his alleged rights as a purchaser until after the second sale had taken place and the deed made to the purchaser; such evidence showing that both parties treated the sale as rescinded by consent.

2. Upon exception taken to a sheriff's sale on the sheriff's offering to acknowledge the deed, the court will hear everything that can be urged against the regularity of the proceedings, and the conduct of the sheriff, the plaintiff in the suit, and the purchaser; and receive or refuse the acknowledgment of the deed according to the proofs made before them.

Argued Feb. 8, 1910. Appeal, No. 333, Jan. T., 1909, by plaintiff, from judgment of C. P. Bucks Co., Sept. T., 1907, No. 15, on verdict for defendant in case of Edwin V. M. Brennan v. Albert S. Paxson. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass for damages for refusal of sheriff to convey.
Facts appear in the opinion of the Supreme Court.

*Error assigned* was in directing verdict for defendant.

*John L. DuBois*, for appellant.—There can be no doubt of a sheriff's right to extend the time of payment beyond the return day: Rhodes v. Barnett, 196 Pa. 429; Holdship v. Doran, 2 P. & W. 9.

The sheriff in making a false return made himself liable in damages: Phila. Saving Fund Society v. Purcell, 24 Pa. Superior Ct. 205.

It was error to direct a verdict for defendant: Menner v. Canal Co., 7 Pa. Superior Ct. 135; Kelly v. McGehee, 137 Pa. 443; Coble v. Zook, 6 Pa. Superior Ct. 597; Prindle v. Kountz, 15 Pa. Superior Ct. 258; Philpott v. Railroad Co., 175 Pa. 570.

*William C. Ryan,* for appellee.—Both parties treated the sale as rescinded by consent: Girard Life Ins. Co. v. Young, 8 Phila. 16; Gaskill v. Morris, 7 W. & S. 32; Hartman v. Pemberton, 24 Pa. Superior Ct. 222.

OPINION BY MR. JUSTICE POTTER, March 14, 1910:

The plaintiff in this case sought to recover damages from the defendant, who was the sheriff of Bucks county, for his alleged unlawful refusal to accept a tender of the balance of the purchase money, and to make a deed for certain property purchased by plaintiff, at sheriff's sale. It appears from the evidence that the defendant, on April 12, 1907, under authority of a writ of levari facias, offered at public sale certain real estate, situated in Bensalem township, Bucks county; that plaintiff bid $9,000 for the property, being the highest bidder for the same; that the property was sold to him by defendant, and that he signed the conditions of sale, and paid to defendant as down money, the sum of $200. The conditions required that the balance of the purchase money should be paid on or before the return day of the writ, April 15, 1907. Plaintiff alleges that after the sale, he inquired of the sheriff if it was necessary to pay the money on the return day, and that the defendant replied that it was not, but that the money must be paid before plaintiff could get a deed. The money was not paid upon the return day, and the next day the sheriff returned the writ, setting forth the failure of the plaintiff to comply with the terms of the sale. Some ten days after the return day, plaintiff, through his attorney, made a tender of the balance of the purchase money to the sheriff, who refused to accept it, and said that he had returned the writ. Later an alias writ of levari facias was issued, the property was readvertised, and sold to another purchaser. The agent of the plaintiff attended the second sale and bid for the property. It

does not appear that the plaintiff gave defendant any notice that he would hold him to the original contract of sale, or that he took any steps to enforce his alleged rights as a purchaser until after the second sale had taken place, and the deed was made to the purchaser. Plaintiff relies entirely for his right to recover, upon the alleged verbal statement of the sheriff, that he need not pay the money upon the return day. But in his written acceptance of the conditions of sale, plaintiff agreed to pay the balance of the purchase money on or before the return day of the writ. Upon the trial, the court below gave binding instructions in favor of the defendant, and in his opinion refusing a new trial he gave two reasons in support of his action. The first was, that the statements of the sheriff were of the most general character, and were not sufficient to justify the plaintiff in disregarding the written agreement to pay the balance of the purchase money on or before the return day. But as to this we do not see that the evidence sustains the position taken by the trial judge. The testimony of plaintiff and his witness was, that in response to a question, the sheriff said that "it was not necessary to settle on Monday, but you won't get your deed before you settle." "It is not necessary (that the money be paid on Monday), you can have your time, but before you get a deed you will have to pay the money." These assurances can hardly be called general; they seem to us to be very specific. If the jury believed this testimony, they might very well have found that the plaintiff was mislead by the assurance of the defendant, that it was not necessary to pay the money on the return day; and they might have found a verdict against the sheriff for the damages sustained by plaintiff, by reason of the refusal of the sheriff to keep his oral agreement.

But the second reason set forth by the trial judge is more substantial. It is that "both parties, in so far as the evidence in this case shows, treated the sale as rescinded by consent." Plaintiff made no tender of the purchase money himself, but sent his agent Scott, on April 25, to make the tender. Scott testified that, when he tendered the money, the sheriff said, "My, that is a big batch of money, I hate to refuse it, but I

can't take it." Witness said, "You can't take it?" The sheriff replied, "No, it is too late." The witness said, "Well, Mr. Brennan seems to be out of property, and at this moment I am in that much money." That was in substance all of the evidence for plaintiff upon that point. It was not shown that any notice was given the sheriff either by plaintiff or by his agent, Scott, that plaintiff would insist that the sale to him should be consummated or that he would hold the sheriff responsible in damages. He did not, so far as appears, request the sheriff to amend his return, and he made no application to the court to permit the return to be amended, and to confirm the sale to him. Scott merely said that plaintiff seemed to be out of the property, and plaintiff, by his failure to insist on what he now claims as his rights, and by his inaction, apparently acquiesced in the action of the sheriff. Further, when the property was again offered for sale under the alias writ, on May 24, a month later, Scott attended the sale and bid upon it, bidding up to $9,000, the price at which plaintiff bought at the former sale. It was not until after this second sale, at which Scott was outbid for the property, and after the sheriff had acknowledged and delivered his deed to the purchaser, that the present suit was brought. Prior to that time no notice appears to have been given the sheriff that plaintiff had any claim whatever against him. Under the principle of the decision in Vastine v. Fury, 2 S. & R. 426, plaintiff might have petitioned the court for relief at any time before the deed to the purchaser at the second sale was acknowledged. Until that time, the court had entire control of the writ and of all the proceedings. In that case Justice YEATES said (p. 432): "Upon exception taken to a sheriff's sale on the sheriff's offering to acknowledge the deed, the court will hear everything that can be urged against the regularity of the proceedings, and the conduct of the sheriff, the plaintiff in the suit, and the purchaser; and receive or refuse the acknowledgment of the deed according to the proofs made before them. This is the proper period for persons interested in the sale to take advantage of mere irregularities."

In the present case, as the trial judge says, if the plaintiff

had shown to the court that owing to a misunderstanding, the money was not paid on the return day, the last day for its payment, the court would no doubt have permitted the sheriff to receive the money, and to make his return accordingly. But he did not avail himself of this remedy, and is therefore to be regarded as having acquiesced in the rescission of the first sale. Possibly the plaintiff preferred to take the chance of getting the property for less money at the second sale. He attended that sale, and bid the same price as before, but the property brought more money. At any rate, we see no reason to differ with the trial judge in his conclusion that the conduct of both parties indicated their intention and willingness to treat the first sale as rescinded.

The assignments of error are overruled, and the judgment is affirmed.